**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ANA M. RIVERA | * |
| Plaintiff | * |
| v. | *   Civil No. 09-1362 (SEC) |
| COMMISSIONER OF SOCIAL SECURITY | * |
| Defendant | * |

**OPINION AND ORDER**

This is an action brought under 42 U.S.C. § 405(g), the "Social Security Act." Plaintiff seeks review of the Commissioner of Social Security's ("the Commissioner") denial of social security benefits (Docket # 1). The Commissioner of the Social Security Administration ("SSA") filed a Memorandum of Law (Docket # 11) requesting an order and judgment reversing and remanding this matter to the Commissioner for further administrative review. After reviewing the parties' filings, and the applicable law, the Commissioner's petition shall be **GRANTED**, and this case is **REVERSED** and **REMANDED** for further proceedings.

**Factual and Procedural Background**

Ana Rivera ("Plaintiff") is a woman of approximately 39 years of age, who allegedly suffers from mental health issues. She has a grade school education, and past work experience as a janitor, security guard, and construction worker. Docket # 9 at 2. Her claim for disability benefits based on her psychological problems was denied initially on July 19, 2005, after reconsideration on August 2, 2006, and again after a hearing before an administrative law judge on November 28, 2007. Id. The Appeals Council denied Plaintiff's request for review, which led to the present complaint filed April 17, 2009. Plaintiff alleges that the Commissioner did not formulate his final conclusion regarding her case on substantial evidence, ant that the Administrative Law Judge made errors of law. After answering, the Commissioner has petitioned this Court for reversal and remand in order for

**Civil No. 09-1362 (SEC)**                                                                                          2

the Appeals Council to consider the case anew.

**Standard of Review**

The scope of our judicial review of a Commissioner's final decision is limited both by statute and case law. See 42 U.S.C. §405(g). To establish entitlement to disability benefits, the burden is on the claimant to prove that he is disabled within the meaning of the Social Security Act. See Bowen v. Yuckert, 482 U.S. 137, 146-47, n.5 (1987). It is well settled law that a claimant is disabled under the Social Security Act if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423 (d)(1)(a). Goodermote v. S.H.H.S., 690 F.2d 5, 6-7 (1st Cir. 1982). If the claimant meets this burden, then it is the Secretary's burden to show that there are other jobs in the national economy that the claimant can perform, notwithstanding his disability. Id.; see also, Torres v. Secretary of H. H. S., 677 F. 2d 167, 168 (1st Cir. 1982); González-Alemán v. Secretary of H.H.S., 86 F. 3d 1146, 1996 U.S. App. LEXIS 11655 (1st Cir. 1996).

Furthermore, "[i]n cases reviewing final agency decisions on Social Security benefits, the exclusive methods by which district courts may remand to the Secretary are set forth in sentence four and sentence six of § 405(g) . . ." Shalala v. Schaefer, 509 U.S. 292, 113 S. Ct. 2625, 2629 (1993). Sentence four allows for the district court to " . . . enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing . . ." On the other hand, Shalala held that "[s]entence-six remands may be ordered in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." Shalala, 509 U.S. at 297, n. 2. Accordingly, depending on the circumstances, a district court may either come to a final decision regarding the merits of a petitioner's claim, or remand under either sentences four or six of § 405(g).

**Civil No. 09-1362 (SEC)** 3

### Applicable Law and Analysis

The Supreme Court in Shalala held that a remand pursuant to sentence four of § 405(g) of the Social Security Act is a final judgment for purposes of the Equal Access to Justice Act. Sentence six does not necessarily constitute final judgment, but is only available before the Commissioner answers, or if new evidence come to surface. This Court notes that the Commissioner answered the complaint on June 26, 2009 (Docket # 7), prompting Plaintiff to file her Memorandum of Law on August, 7, 2009 (Docket # 9). The Commissioner now seeks remand in order for "the Appeals Council [to] consider the evidence contained in Plaintiff's subsequently allowed claim for disability benefits and determine what effect, if any, such evidence has on the instant case in accordance with HALLEX I-5-3-17, Section III(B)." See Docket # 13 at 3. This suggests that a sentence six remand would be possible. Nevertheless, the petition is under sentence four, which would constitute a final judgment in favor of Plaintiff. Rivera Baez v. Secretary of Health and Human Services, 832 F. Supp. 28 (D.P.R. 1993). Accordingly, this remand will be considered under sentence four of § 405(g), and Plaintiff will be eligible for attorney's fees under the Equal Access to Justice Act.

### Conclusion

In light of the above, this case is hereby **REVERSED and REMANDED** for further development and consideration of the record. Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 8th day of September, 2009.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. SENIOR DISTRICT JUDGE